O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA GONZALEZ, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>DREW INDUSTRIES INC., a Delaware corporation; KINRO, INC., an Ohio corporation; KINRO TEXAS LIMITED PARTNERSHIP, a Texas limited partnership, d/b/a BETTER BATH COMPONENTS; and SKYLINE CORPORATION, an Indiana corporation,<br><br>              Defendants. | Case No. CV 06-08233 DDP (JWJx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Motions filed on 7/19/10 - NOS. 365 & 372] |

    Presently before the court is Defendants Kinro, Inc. And Kinro Texas Limited (collectively, "Kinro")'s Motion for Summary Judgment. After reviewing the parties' moving papers and hearing oral argument, the court grants the motion and adopts the following order.

///

///

I.  **FACTUAL BACKGROUND**

Plaintiffs Victoria Gonzalez and Robert Royalty brought suit against Kinro based on allegations that Kinro sold defective bathtubs that did not comply with mandatory federal fire-safety standards. As described more fully in this court's previous orders, Plaintiffs alleged that Kinro affixed stickers to their bathtubs representing compliance with mandatory testing, without any grounds to do so. Plaintiffs then purchased manufactured homes that contained these bathtubs, which were certified to be compliant with federal Housing and Urban Development ("HUD") safety standards.

Plaintiffs initially asserted six claims in their Second Amended Complaint ("SAC"), including claims under the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.[1] On May 18, 2009, this court granted Kinro's motion for summary judgment as to all of Plaintiffs' claims except for their UCL cause of action. (Summary Judgement Order ("SJO"), May 18, 2009, Dkt. No. 349.) The court recognized that Defendants' representations of compliance with federal safety standards were not supported by any reliable records or tests. (SJO at 14.) The

---

[1] The complete list of Plaintiffs' claims consisted of:

(1) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310;
(2) breach of express warranty;
(3) concealment or non-disclosure of a product defect;
(4) violation of the CLRA;
(5) violation of the UCL; and
(6) violation of the California Song-Beverly Consumer Code Warranty Act, Cal. Civ. Code § 17990.

(SAC 17, 18, 20, 22, 24, 26.)

2

court denied summary judgment on the UCL claim based, in part, on the reasoning that Plaintiffs were not required to establish actual reliance on Defendants' misrepresentations in order to establish standing under the UCL. Id. at 17.

The same day that this court issued the SJO, the California Supreme Court expressly required actual reliance in fraud-based UCL claims. See In re Tobacco II Cases, 46 Cal. 4th 298 (Cal. 2009). The California Supreme Court held that to establish standing, a plaintiff must prove that the defendant's misrepresentation is the "immediate cause of the plaintiff's conduct by showing that in its absence the plaintiff in all reasonable probability would not have engaged in the injury-producing conduct." Id. at 326.

Accordingly, and considering that neither named plaintiff here relied upon Kinro's representations, this court on reconsideration found that Plaintiffs lack standing to bring a fraud-based claim under the UCL. (Order, August 26, 2009 (the "Reconsideration Order"), Dkt. No. 363.) Kinro did not argue, and this court did not address, whether Plaintiffs have standing to assert a claim under the unfair practices prong of the UCL. Kinro now moves for summary judgment on the remaining unfair practices UCL claim.

**II.  LEGAL STANDARD**

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of

3

identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. See id. If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

It is not the Court's task "to scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel have an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The Court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

**III. Discussion**

To establish standing, a plaintiff bringing a claim under the UCL must demonstrate that he "has suffered injury in fact and has lost money or property as a result of unfair competition." Tobacco II, 46 Cal.4th. at 305. In order to demonstrate an injury in fact, a plaintiff must demonstrate an "invasion of a legally protected

interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." <u>D'Lil v. Best W. Encina Lodge & Suites</u>, 538 F.3d 1031, 1036 (9th Cir. 2008), citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).

Here, Defendants manufactured almost 1.5 million bathtubs. The tubs are intended to be installed in manufactured homes. Defendants failed to keep records establishing that the tubs complied with safety standards, yet sold the tubs with stickers representing compliance with mandatory fire-safety tests. One tub caught fire. Plaintiffs' homes may contain non-compliant tubs, and, due to shoddy record-keeping, Defendants may not be able to controvert the allegation that Plaintiffs' tubs are non-compliant without conducting destructive testing on each tub. Therefore it seems logical, at first blush, to assume that plaintiffs have been damaged.

An assumption, however, cannot suffice to confer standing. To survive summary judgment, Plaintiffs must present evidence of an injury in fact. "There is no genuine issue of fact if the party opposing the motion [for summary judgment] 'fails to make an adequate showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989), citing <u>Celotex</u>, 477 U.S. at 322.

Here, Plaintiffs argue that they have been deprived of the difference in value between a HUD-compliant tub and a non-compliant tub, and that such deprivation constitutes an economic harm.[2]

---

[2] Contrary to Plaintiffs' suggestion, this court is not bound
(continued...)

5

(Opp. at 13). Plaintiffs' proof, however, fails. Plaintiffs have not presented any evidence that there is any actual difference in value between the two types of tubs. There is no evidence that Plaintiffs, fearing for their safety, were compelled to buy new tubs.[3] There is no evidence that Plaintiffs' homes would have sold for less had a purchaser been advised that a home might contain a non-compliant tub. Conclusory allegations of decreased value, unsupported by facts, cannot support standing. See Contreras v. Toyota Motor Sales USA, Inc., 2010 WL 2528844 (N.D. Cal. 2010) (dismissing complaint for lack of standing where plaintiffs alleged, without factual support, that undisclosed defects reduced the value of plaintiffs' vehicles).

This might be a different case if Plaintiffs had feared for their safety and incurred expense to replace a defective product. In such cases, courts have found such injuries "minimally sufficient" to confer standing. Id. at *5 (citing Sanchez v. Wal-Mart Stores, Inc., 2008 WL 3212101 (E.D. Cal. 2008). Here, however, Plaintiffs have not expended any money to replace their tubs. Plaintiffs have not demonstrated that a properly-tested tub is more valuable than other tubs, nor have Plaintiffs shown that

---

[2](...continued)
by the SJO's reference to "the difference in value between what [Plaintiffs] paid for a HUD-compliant bathtub[] and what a tub would cost that has not been proven to satisfy fire-safety regulations." (SJO at 18). The SJO, in analyzing the fraud prong of the UCL prior to reconsideration, defined the relevant injury as "the purchase of a defective or non-compliant bathtub, *despite Defendants' representations of compliance*." (SJO at 10 (emphasis added). This fraud prong injury, of which Defendants' misrepresentations constituted a crucial part, is not applicable to the unfair prong analysis here.

[3] Plaintiff Gonzalez did remove her tub for destructive testing, but at counsel's suggestion.

6

the composition of their tubs had any effect on the price of their homes.  In short, Plaintiffs have not offered any proof that they suffered an economic harm.

Accordingly, the court concludes that Plaintiffs have not adequately demonstrated that they have suffered an injury in fact, and therefore do not have standing to bring a claim under the unfair practices prong of the UCL.

**IV.  Conclusion**

For the reasons set forth above, the court GRANTS the Motion for Summary Judgment.  Plaintiffs' Motion for Order Directing Dissemination of Class Notice is DENIED as moot.

IT IS SO ORDERED.

Dated: September 30, 2010

DEAN D. PREGERSON
United States District Judge